UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MASOUD SHOKOOHI,

          **Plaintiff,**

    v.                                                     Case No. 19-CV-318

NEMAK USA, INC., et al.,

          **Defendants.**

## ORDER

On October 7, 2019, the defendants filed a Motion for Contempt and Sanctions Including Dismissal against plaintiff and his counsel. (ECF No. 19). The basis for the motion was the plaintiff's failure to appear at a deposition on September 16, 2019, and his failure to appear at a rescheduled deposition on October 3, 2019. (*Id*. at 1.)

Following a telephonic hearing, the court on December 20, 2019, granted the defendants' motion for sanctions relating to plaintiff's failure to appear for the September 16 deposition, although it denied the defendants' request for sanctions relating to the October 3 deposition, and it denied the defendants' request that the action be dismissed. (ECF No. 30.) The court instructed the defendants to submit documents supporting the costs incurred as a result of the plaintiff's failure to appear at

the September 16 deposition, as well as those incurred in moving for sanctions related to that failure to appear.

They have now done so. (ECF No. 31.) The defendants seek $6,052 in attorney fees; $222.20 for a court reporter; and $645.00 for an interpreter. Shokoohi objects in part. (ECF No. 34.)

The court grants the requests for the court reporter and interpreter. Shokoohi objects to the interpreter bill because it reflects a charge for three hours of time, which Shokoohi argues "does not make sense given that the deposition was cancelled." (ECF No. 34 at 2.) But the court recognizes that interpreters routinely have a minimum hourly charge. And, in any event, this was the sum that defendants paid as a result of Shokoohi missing the deposition. The court finds the sum reasonable.

With regard to the attorney fees, much if not most of the time spent preparing for the September 16 deposition presumably was not wasted given that the deposition did ultimately go forward following the hearing before the court. Of course, the delay could have resulted in some duplication of effort. And the time spent on tasks such as scheduling a court reporter and translator and attempting to communicate with opposing counsel would have been rendered unnecessary when the deposition did not occur as originally scheduled.

But the "Matter Ledger Report" that the defendants submitted in support of their request for attorney fees redacts the column describing the work performed regarding

each specific entry. (ECF No. 32-1.) Without any explanation of the work performed, the court cannot determine whether the time spent was reasonable and incurred because of plaintiff's failure to attend the September 16 deposition, as opposed to time incurred relating to the October 3 deposition or in seeking sanctions that the court denied. That is, while the court stated that the plaintiff was to pay the defendants' reasonable costs in bringing the motion for contempt and sanctions, Fed. R. Civ. P. 37(a)(5)(A), it did not grant the defendants all of the relief they sought. Specifically, the bulk of the defendants' brief was devoted to arguing that the action should be dismissed as a sanction. The court rejected that request as disproportionate and extreme. The defendants are not entitled to recover for time expended on an aspect of their motion on which they were not successful.

Defendants present evidence that attorney time was billed at the rate of $200 per hour and paralegal time at a rate of $105 per hour. The court finds it reasonable to award the defendants attorney time totaling three-and-a-half hours ($700) and paralegal time totaling one hour ($105) associated with having to prepare for the September 16 deposition that the plaintiff failed to attend. The court also finds it reasonable to award the defendants four hours of attorney time ($800) for defense counsel's reasonable efforts to litigate the motion to compel the plaintiff to appear at his deposition and for sanctions for the plaintiff's failure to appear.

Therefore, the court awards attorney fees of $1,500; paralegal fees of $105; interpreter costs of $645; and court reporter costs of $222.20.

**IT IS THEREFORE ORDERED** that within 21 days of this order Masoud Shokoohi shall pay to Nemak USA, Inc. and Mitsui Sumitomo Insurance USA, Inc. the sum of $2,472.20.

Dated at Milwaukee, Wisconsin this 30th day of January, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge